UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY ANTONIO WRIGHT,

            Plaintiff,

    v.

CONMED HEALTHCARE MANAGEMENT, INC.,

            Defendant.

CASE NO. 3:16-CV-05033-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff Gregory Antonio Wright proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983, alleging inadequate medical treatment while he was incarcerated at Clark County Jail. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that the only named defendant, Conmed Healthcare, directly participated in plaintiff's treatment or that defendant or the medical staff at Clark County Jail

ORDER TO SHOW CAUSE OR AMEND - 1

was deliberately indifferent to plaintiff's medical needs. However, the Court provides plaintiff leave to file an amended pleading by February 22, 2016, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is currently incarcerated at Clark County Jail, alleges that he was denied adequate medical care. Dkt. 5. Plaintiff alleges that on December 12, 2015 he had four to five seizures in his cell. *Id.* at 5. Plaintiff alleges that the medical staff called code blue, came to his cell and rolled plaintiff on his side. *Id.* Plaintiff alleges that he was then left in his cell and was not taken to the medical unit. *Id.* Plaintiff alleges that he saw the doctor the next morning. *Id.* Plaintiff alleges that he has been trying to switch his seizure medication and that he stopped taking his medication because defendant refused to change it. *Id.* Plaintiff asserts that he is now on the correct medication. *Id.* Plaintiff alleges that his right arm is sore and that his head hurts from hitting the floor during his seizures. *Id.*

Plaintiff seeks $8 million in damages, his criminal record expunged, criminal charges dismissed, an investigation into defendant and to be released from the Clark County Jail. *Id.* at 6.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

1        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

2  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

3  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

4  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

5  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

6  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

7  named defendants caused, or personally participated in causing, the harm alleged in the

8  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

9        Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an

10  amended complaint.

11      **A.**    **Adequate Medical Treatment**

12        Plaintiff alleges that he was denied proper medical care. Dkt. 5. The government has an

13  obligation to provide medical care for prisoners.  The Eighth Amendment proscribes deliberate

14  indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

15  To establish "deliberate indifference," a prisoner must show that a defendant purposefully

16  ignored or failed to respond to the prisoner's pain or possible medical need.  *Id*. at 104.  A

17  determination of "deliberate indifference" involves an examination of two elements: (1) the

18  seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that

19  need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

20        A medical need is serious "if the failure to treat the prisoner's condition could result in

21  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

22  F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

23  doctor or patient would find important and worthy of comment or treatment; the presence of a

24

1  medical condition that significantly affects an individual's daily activities; or the existence of
2  chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for
3  medical treatment." *McGuckin,* 974 F.2d at 1059-1060.

4  If a plaintiff shows that he suffered from a serious medical need, he must then show that
5  the prison officials responded to the need with deliberate indifference. *Farmer v. Brennan*, 511
6  U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a
7  purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In
8  other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or
9  possible medical need." *Id*. A prison official, accordingly, will not be found deliberately
10 indifferent to a prisoner's serious medical needs, "unless the official knows of and disregards an
11 excessive risk to inmate health or safety." *See Farmer*, 511 U.S. at 837. "[T]he official must both
12 be aware of facts from which the inference could be drawn that a substantial risk of serious harm
13 exists, and he must also draw the inference." *Id.*

14 Delay of, or interference with, medical treatment can also amount to deliberate
15 indifference. *See McGuckin*, 974 F.2d at 1059; *Hutchinson v. United States*, 838 F.2d 390, 394
16 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment resulted from
17 deliberate indifference, however, the prisoner must show that the delay led to further injury. *See*
18 *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
19 (9th Cir. 1985) (per curiam).

20 Furthermore, a plaintiff must also allege facts in his § 1983 complaint showing how
21 individually named defendants caused or personally participated in causing the harm alleged in
22 the complaint. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held
23 liable under § 1983 solely on the basis of supervisory responsibility or position. *Monell v.*
24

*Department of Social Servs., of City of New York,* 436 U.S. 658, 691–94 (1978). Plaintiff can prove causation under § 1983 only if plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold,* 637 F.2d at 1355 (*quoting Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)).

Plaintiff identifies Conmed Healthcare as the sole defendant in this action. Dkt. 5. Plaintiff alleges that defendant employs the medical staff at Clark County Jail. Dkt. 5 at 5. Defendant Conmed may be considered a state actor based on its contract with the Clark County Jail. *See West v. Atkins,* 487 U.S. 42 (1988) (private physician who contracted with state on part-time basis to provide medical care at prison hospital was a state actor); *but see Blum v. Yaretsky,* 457 U.S. 991 (1982) (state regulation insufficient to transform private parties exercising medical judgments according to professional standards not established by state into state actors). However, plaintiff has failed to allege any facts showing how defendant is liable aside from its role as an employer. Because vicarious liability is inapplicable in a § 1983 suit and defendant cannot be held liable simply because it employs or supervises medical staff, *see Monell,* 436 U.S. at 691–694 plaintiff has not alleged that defendant took any affirmative action or failed to act, causing the alleged inadequate medical treatment. *Arnold,* 637 F.2d at 1355 (*quoting Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)). Thus, plaintiff has not set forth any facts demonstrating that the named defendant personally participated in causing any harm. *See Arnold,* 637 F.2d at 1355. Plaintiff must name individuals who were involved in his treatment and medical decisions and allege facts showing a causal connection between the individual's action and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Moreover, plaintiff's complaint does not include any allegations that defendant or the medical staff at Clark County Jail was deliberately indifferent to his medical needs. It appears that the crux of plaintiff's complaint is that defendant's treatment of his seizures was not adequate and as a result, defendant violated his Eighth Amendment rights. However, the allegations in plaintiff's complaint show that medical staff responded to plaintiff's seizures with a code blue and placed plaintiff on his side and that plaintiff was seen by a medical doctor the day after his seizures. Dkt. 5 at 5. *See Farmer*, 511 U.S. at 837; *See Shapley,* 766 F.2d at 407 (delay must cause substantial harm); *Cf. Hunt v. Dental Department,* 865 F.2d 198, 199 (9th Cir.1989) (three month delay in replacing dentures, causing gum disease and possibly weight loss constituted eighth amendment violation). A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir.1981). Furthermore, the grievance attached to plaintiff's complaint shows that a doctor prescribed plaintiff with medication for his seizures but that plaintiff refused to take his medication 50% of the time. Dkt. 5 at 4. Thus, plaintiff has not alleged any facts which demonstrate that defendant or the Clark County Jail medical staff was deliberately indifferent to his health or safety.

Accordingly, the Court finds that plaintiff has failed to state a claim under the Eighth Amendment. If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by any individual defendant, how defendant's actions violated plaintiff's constitutional rights, what harm he suffered as a result, and whether defendant had knowledge of plaintiff's harm or risk of harm.

//

### B. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **February 22, 2016** the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 21st day of January, 2016.

J. Richard Creatura
United States Magistrate Judge